ALEX G. TSE (CABN 152348)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ADRIENNE ZACK (CABN 291629)
Assistant United States Attorney

　　　450 Golden Gate Avenue, Box 36055
　　　San Francisco, California 94102-3495
　　　Telephone: (415) 436-7031
　　　Fax: (415) 436-6748
　　　adrienne.zack@usdoj.gov

Attorneys for Defendant

ANDREA ISSOD (CA Bar No. 230920)
ELENA SAXONHOUSE (CA Bar No. 235139)
MARTA DARBY (CA Bar No. 310690)
Sierra Club Environmental Law Program
2101 Webster St., Ste. 1300
Oakland, CA 94612
andrea.issod@sierraclub.org
elena.saxonhouse@sierraclub.org
marta.darby@sierraclub.org
(415) 977-5544

Attorneys for Plaintiff Sierra Club

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | CASE NO. 3:18-cv-3472-EDL <br><br> **JOINT INITIAL CASE MANAGEMENT STATEMENT** |

The parties to the above-captioned action jointly submit this INITIAL CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1. Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service. Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

**2. Facts**

This case pertains to four FOIA requests submitted by Sierra Club to the U.S. Environmental Protection Agency ("EPA") in July 2017 and May 2018. *See generally* Dkt. No. 13 ¶¶ 1, 31-38. Two requests seek communications between 14 EPA staff members and anyone outside the EPA, excluding other executive branch agencies, from January 20, 2017, to the date such communications are collected. Dkt. No. 13 at Exs. A & C. Two requests seek communications between 11 EPA staff members and anyone outside of the EPA, including other executive branch agencies, from January 20, 2017, to the date such communications are collected. Dkt. No. 13 at Exs. B & D. The Complaint alleges that Defendant failed to fully respond to any of Plaintiff's four requests. *Id.* ¶¶ 39-44. The Complaint also alleges that EPA improperly denied Sierra Club's fee waiver requests. *Id.* ¶¶ 45-50.

After phone conversations with EPA counsel, on August 1, 2018, prior to knowing the extent of the amount of records at issue in the requests, Sierra Club emailed a letter to EPA with a proposed production schedule for documents responsive to the four requests. The letter expressed Sierra Club's strong preference for agreeing to a production schedule ahead of the then-scheduled September 11, 2018 case management conference.

On September 10, 2018, EPA informed Sierra Club that it had completed a September 4 partial collection of the emails requested in Sierra Club's four requests, namely emails from the 25 custodians and anyone outside the EPA, excluding other executive branch agencies. This partial collection resulted in at least 271,439 records for review and potential production to Sierra Club, after deduplication. Given the quantity of records, EPA and Sierra Club have met and conferred to attempt to narrow Sierra Club's requests. On September 11, EPA provided Sierra Club with a list of domain names to which the

external email addresses belong. Following a preliminary review of the domain names, Sierra Club stated that it determined that it could narrow its original requests to exclude approximately 110,000 emails, and informed EPA that it was continuing to review the thousands of domain names included on the spreadsheet. Sierra Club has thus far identified approximately 58,500 documents as documents of interest, of which about 28,000 to 35,000 documents are identified as high priority, but has not yet provided a final list of those domain names, or the list of excluded domain names, to EPA. Sierra Club has identified as high priority records emails between the employees at EPA that were the subject of the FOIA requests and domain names that appear to Sierra Club to be associated with, among others, various regulated industries. On the afternoon of this filing, Sierra Club provided EPA with what it contends is a list of more than 6,000 records associated with agricultural industry domains; more than 5,000 associated with fossil fuel industry domains; more than 1,300 associated with chemical industry domains; and more than 5,500 associated with domains of law firms known to represent clients in those industries. At the time of this filing, EPA has not had an opportunity to review this list and confirm this characterization. Sierra Club has requested that EPA begin producing these and other priority documents while Sierra Club continues to review the remaining domain names. EPA, however, has offered to begin production within 8-10 weeks after Sierra Club finalizes its narrowed request because a defined scope of production allows EPA to better plan for allocating limited resources that would be necessary to meet Sierra Club's request.

The parties continue to meet and confer regarding further narrowing of these partial search results and a potential production schedule. By Friday, September 28, Sierra Club will provide EPA with a refined list of its priority domain names and a proposal for EPA to begin producing documents associated with that list.

**3. Legal Issues**

The following legal issues are in dispute: Whether Defendant produced all documents responsive to Plaintiff's FOIA requests not subject to applicable legal exemptions, and whether Defendant properly denied Plaintiff's fee waiver requests.

The parties are attempting in good faith to resolve Plaintiff's claims informally. However, the Court may be called upon to resolve the following legal issues: (1) whether Defendant has responded

adequately to Plaintiff's FOIA requests, (2) whether Defendant improperly withheld materials based on claimed FOIA exemptions, *see* 5 U.S.C. §§ 552(b)(1)-(9), and (3) whether and in what amount Plaintiff is entitled to an award of attorneys' fees and other litigation costs, *see id.* § 552(a)(4)(E)(i).

### 4. Motions

There are no prior or pending motions. Though the parties are hopeful that this matter can be resolved through the meet and confer process, no production schedule has yet been set. Accordingly, Sierra Club anticipates moving the Court to establish a production schedule should the parties be unable to agree on an interim production schedule while Sierra Club continues to narrow its request. To the extent the parties' informal discussions do not resolve the entire case, the parties anticipate that this matter can be resolved on summary judgment. At this time, the parties submit that scheduling any such motion is premature. The parties are working in good faith to resolve the claims and issues in this action.

### 5. Amendments to the Pleadings

Plaintiff does not expect at this time to seek to amend the Complaint.

### 6. Evidence Preservation

Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

### 7. Disclosures

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which no such exchange of information is needed.

### 8. Discovery

To date, no discovery has been taken by any party, and the parties do not anticipate based on current information that discovery will be necessary in this case. Defendant notes that discovery is generally not appropriate in FOIA actions. *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003), *citing Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000).

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

The parties submit that there are other cases between Sierra Club and EPA in this District, involving separate alleged FOIA violations. EPA is considering whether it would be appropriate to relate these cases.

**11. Relief Sought**

Plaintiff seeks declaratory and injunctive relief with respect to the documents responsive to its four FOIA requests. Plaintiff's prayer for relief asks this Court to (1) Declare that EPA has violated FOIA, by its failure to timely respond to Sierra Club's request, and its failure to make the requested records available; (2) Order that the EPA make available to Sierra Club the records Sierra Club has requested, promptly and at no cost; (3) retain jurisdiction over this case to rule on any assertions by EPA that any responsive records held by the Agency are, in whole or in part, exempt from disclosure; (4) Award Sierra Club's litigation costs and attorneys' fees in this action; (5) Order such other relief as the Court may deem just and proper. *See* Dkt. No. 13 at 13.

Defendant denies that Plaintiff is entitled to any relief and seeks dismissal and costs.

**12. Settlement and ADR**

The parties have already initiated a meet and confer process. The parties filed ADR Certifications requesting to discuss ADR selection at the case management conference with this Court. Dkt. Nos. 16 & 22. The parties have made some progress in narrowing Plaintiff's requests and continue to discuss further narrowing and a potential production schedule. The parties would like to continue their discussions for two more weeks following the status conference before determining whether the assistance of the Court is necessary.

**13. Consent to Magistrate for All Purposes**

Both parties have consented to magistrate jurisdiction. Dkt. Nos. 7 & 17.

**14. Other References**

None.

JOINT INITIAL CASE MANAGEMENT STATEMENT
3:18-CV-3472 EDL                                        5

**15. Narrowing of Issues**

The parties are in the process of meeting and conferring in an attempt to narrow the issues in this case and intend to continue to do so.

**16. Expedited Schedule**

None suggested.

**17. Scheduling**

The parties are working in good faith to resolve the claims and issues in this action. To the extent any issues remain after the meet and confer and/or settlement process is exhausted, the parties anticipate that this matter can ultimately be resolved on summary judgment. The parties submit, however, that scheduling any such motion is premature at this time.

**18. Trial**

The parties anticipate that this entire case will be resolved through the meet and confer process or on summary judgment.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff provides that no such interest is known other than that of the named parties to this action.

Defendant is exempt from this requirement as a federal government entity.

**20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

**21. Professional Conduct**

Both parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: September 25, 2018

*/s/ Marta Darby*[1]
MARTA DARBY (CA Bar No. 310690)

Respectfully submitted,

ALEX G. TSE
United States Attorney

---

[1] *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

JOINT INITIAL CASE MANAGEMENT STATEMENT
3:18-CV-3472 EDL                                6

| | |
|---|---|
| ANDREA ISSOD (CA Bar No. 230920)<br>ELENA SAXONHOUSE (CA Bar No. 235139)<br>Sierra Club Environmental Law Program<br>2101 Webster St., Ste. 1300<br>Oakland, CA 94612<br>andrea.issod@sierraclub.org<br>elena.saxonhouse@sierraclub.org<br>marta.darby@sierraclub.org<br>(415) 977-5544<br><br>Attorneys for Plaintiff Sierra Club | */s/ Adrienne Zack*<br>ADRIENNE ZACK<br>Assistant United States Attorney<br><br>Attorneys for Defendant |

JOINT INITIAL CASE MANAGEMENT STATEMENT
3:18-CV-3472 EDL                          7