# Exhibit B

ANDREA ISSOD (CA Bar No. 230920)
ELENA SAXONHOUSE (CA Bar No. 235139)
MARTA DARBY (CA Bar No. 310690)
Sierra Club Environmental Law Program
2101 Webster St., Ste. 1300
Oakland, CA 94612
andrea.issod@sierraclub.org
elena.saxonhouse@sierraclub.org
marta.darby@sierraclub.org
(415) 977-5544

*Attorneys for Plaintiff Sierra Club*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br><br>PROTECTION AGENCY,<br>    Defendant. | CASE NO. 3:18-cv-3472-EDL<br><br>**DECLARATION OF KATHERINE CHAMBERLAIN IN SUPPORT OF SIERRA CLUB'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Katherine Chamberlain, declare as follows:

1. I am a legal assistant at Sierra Club and support Marta Darby in her work in the above-captioned matter. This declaration is based on my personal knowledge and experience.

2. On or about September 11, 2018, I began reviewing a list of domain names that I was told were associated with e-mails responsive to Sierra Club's four FOIA requests in the above-captioned matter.

3. The list, provided as an Excel workbook, was organized into seven spreadsheets, with separate spreadsheets for .com, .org, .edu, .net, .int, .biz, and .info e-mail address suffixes. Each

DECLARATION OF KATHERINE CHAMBERLAIN
CASE NO. 3:18-cv-3472-EDL                         1

spreadsheet had two columns: Column A identified "domain names" and Column B identified the number of records associated with each listed domain name.

4. Since receiving this list, I have been reviewing the domain names to identify which domain names to include and which domain names to exclude from a production schedule. I am continuing to review the list for these purposes.

5. Reviewing the domains has been a time-consuming process, especially since many of the domains are obscure or unfamiliar. To review a domain name, I started by copying and pasting the domain name into a web browser. Often, that connected directly to a website where I explored the "about" section, read staff bios, and, when applicable, reviewed client lists in an attempt to determine whether or not the organization's interests were aligned with those of Sierra Club. If the nature of the organization remained unclear after reviewing its website, I ran a Google search on the organization, which provided additional information to inform whether to keep or exclude the domain name. There were many domain names that prompted error messages instead of linking directly to a website. For these, I ran Google searches based on the domain name in order to locate the website and to find more information through Google's top hits, *i.e.*, the results that appeared on the first page of search results.

6. As I reviewed the domain names, I marked for exclusion those organizations that appeared to be allied with Sierra Club's interests. I marked for inclusion organizations that were associated with entities regulated by EPA, that appeared to pursue agendas that favored "industrial" interests over rigorous protections for public health and the environment, and that appeared likely to reveal conflicts of interest or misuse of agency resources.

7. The domain names marked for inclusion broadly relate to fossil fuels, agriculture, chemicals, natural resources, and transportation, and include chambers of commerce, conservative organizations, utilities, financial institutions, corporate law firms, consulting groups, think tanks, and certain states that were identified by Sierra Club as being of interest. Also included were domain names that potentially relate to travel and personal email accounts. I also cross-referenced the EPA-provided list of domain names with three other lists: (a) a list put together by *The Guardian* that reportedly identified the top 100 companies responsible for the majority of global greenhouse gas emissions, (b)

DECLARATION OF KATHERINE CHAMBERLAIN
CASE NO. 3:18-cv-3472-EDL                    2

organizations in Acting EPA Administrator Andrew Wheeler's and Assistant Administrator Bill Wehrum's recusal memoranda,[1] and (c) domain names associated with communications of interest that had been produced by EPA to Sierra Club in a lawsuit seeking to compel production of the external communications of former EPA Administrator Scott Pruitt (hereinafter "Pruitt requests").

8. My review has made clear that many of the domains are associated with industries regulated by EPA. For example, based on the numbers EPA provided in September:

 a. at least 9,540 records are associated with the agricultural and chemical industry, *e.g.*, Monsanto, Dow Chemical, CropLife America (according to its website, a large national trade association of agrochemical companies), various state farm bureaus, and ethanol producers;

 b. at least 3,050 records are associated with oil and gas industry domains, *e.g.*, American Petroleum Institute, BP, Chevron, ConocoPhillips, Phillips 66, Koch Industries, and state oil and gas associations;

 c. at least 2,980 records are associated with electric utilities or coal mining companies, *e.g.*, Edison Electric Institute (according to its website, a large trade association that represents investor-owned utilities), Duke Energy (according to its website, one of the nation's largest investor-owned electric utilities), PacifiCorp (according to its website, an investor-owned utility with operations throughout the West), Arch Coal (according to its website, one of the nation's leading coal mining companies), and the National Mining Association;

 d. at least 1,150 records are associated with transportation industry domains, *e.g.*, Toyota, Ford, General Motors, and Alliance of Automobile Manufacturers (according to its website, the leading advocacy group for the auto industry);

 e. at least 13,760 records are associated with domains of industry consulting firms and law firms that, based on their websites, advocate for clients in the fossil fuel, chemical, and manufacturing industries, *e.g.*, Hunton &Williams LLP (Mr. Wehrum's former law firm)

---

[1] *See* Decl. of Elena Saxonhouse in Supp. of Sierra Club's Mot. For Partial Summ. J. ¶ 23, Exs. 13 & 14 (Wheeler and Wehrum recusal memoranda).

DECLARATION OF KATHERINE CHAMBERLAIN
CASE NO. 3:18-cv-3472-EDL              3

and Faegre Baker Daniels (Mr. Wheeler's former consulting firm);[2] and

f. at least 2,080 records are associated with conservative think tank and political advocacy organization domains, *e.g.*, Heritage Foundation, Competitive Enterprise Institute, CATO Institute, and American Legislative Exchange Council ("ALEC");

9. I also have personally reviewed each of the ten tiers that Sierra Club has identified as highest priority. My best estimate, based on the numbers EPA provided in September, is that the first and highest priority tier contains around 2780 records affiliated with the former clients and employers of Mr. Wehrum and Mr. Wheeler, as outlined in their respective recusal memos, *see* Exs. A & B. This highest priority tier also includes records affiliated with domain names related to the oil and gas industry (about 850 records), the coal industry (about 180 records), and the agricultural industry (about 200 records); many of these records are affiliated with former clients or former employers of Mr. Wheeler and Mr. Wehrum, so the number of records associated with Mr. Wheeler's and Mr. Wehrum's former clients and former employers overlaps with the number of records associated with these industrial interests . Based on my review of the websites of Mr. Wheeler's and Mr. Wehrum's former clients and employers, many are affiliated with EPA-regulated entities, *e.g.*, American Fuel & Petroleum Manufacturers, American Petroleum Institute, Dominion Energy, ExxonMobil, Kinder Morgan, and General Electric (one of the largest energy infrastructure companies in the United States) and National Energy Resources Organization (an energy association that Mr. Wheeler formerly chaired, according to the organization's website) and Faegre Baker Daniels (the law firm where Mr. Wheeler formerly worked).[3]

10. The second tier is comprised of fossil fuel companies, utilities, corporate law firms that appear to represent EPA-regulated entities, and parties associated with the Pruitt requests. The third tier includes energy companies, libertarian advocacy groups, and chemical companies. The fourth tier almost exclusively contains corporate law firms that appear to have very large energy practices based on their websites and other readily available information on the Internet. The fifth tier includes mining associations, right-wing think tanks, and the automobile industry. The sixth tier is focused on the

---

[2] *See id.*

[3] *See id.*

DECLARATION OF KATHERINE CHAMBERLAIN
CASE NO. 3:18-cv-3472-EDL         4

agricultural industry, including chemical and pesticide manufacturers and farm bureaus. The seventh tier is made up of conservative organizations and various industry trade associations, including those that advocate for the energy and agricultural industries. The eighth tier contains additional corporate law firms and fossil fuel companies. The ninth tier consists of news organizations and energy industry-focused consulting groups. The tenth tier is a list of states that I am told have frequently challenged EPA's efforts to rein in pollution.

11. Across all ten tiers, based on the numbers EPA provided in September, approximately 3,050 records are associated with the oil and gas industry, about 2,900 are associated with the agricultural industry, about 2,730 are associated with the coal and electric generation industries, about 410 are associated with car manufacturers, about 520 are associated with chemical companies, and about 1,790 are associated with conservative think tanks and political advocacy organizations.

I declare under penalty of perjury under the laws of the United States that the above is true and accurate. Executed this 8th day of November, 2018 in Oakland, California.

DATED: November 8, 2018                          */s/ Katherine Chamberlain*
                                                 Katherine Chamberlain
                                                 Legal Assistant
                                                 Sierra Club
                                                 2101 Webster St. Suite 1300
                                                 Oakland, CA 94612

ANDREA ISSOD (CA Bar No. 230920)
ELENA SAXONHOUSE (CA Bar No. 235139)
MARTA DARBY (CA Bar No. 310690)
Sierra Club Environmental Law Program
2101 Webster St., Ste. 1300
Oakland, CA 94612
andrea.issod@sierraclub.org
elena.saxonhouse@sierraclub.org
marta.darby@sierraclub.org
(415) 977-5544

*Attorneys for Plaintiff Sierra Club*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, | CASE NO. 3:18-cv-3472-EDL |
| Plaintiff, | **DECLARATION OF MARTA DARBY IN COMPLIANCE WITH CIVIL LOCAL RULE 5-1(i)(3)** |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |

In compliance with Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that the signatory of the attached declaration, Katherine Chamberlain, has concurred in the filing of the document.

DATED:  November 9, 2018          */s/Marta Darby*
                                  Marta Darby
                                  Associate Attorney
                                  Sierra Club
                                  2101 Webster St. Suite 1300
                                  Oakland, CA 94612

DECLARATION OF MARTA DARBY – CIVIL LOCAL RULE 5-1(i)(3)
CASE NO. 3:18-cv-3472-EDL            1