UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, | CASE NO. 3:18-cv-3472-EDL |
| Plaintiff, | SUPPLEMENTAL DECLARATION OF BRIAN HOPE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |

I, BRIAN HOPE, declare that the following statements are true and correct to the best of my knowledge and are based on my own personal knowledge, on information contained in the records of the United States Environmental Protection Agency ("EPA" or "Agency"), or on information supplied to me by employees under my supervision or employees in other EPA offices.

1. I am the Deputy Director of the Office of Executive Secretariat ("OEX"), an office within the Office of the Administrator of the EPA. I have held this position since June 2006. From January 23, 2017, through September 22, 2017, I was Acting Director of OEX. OEX handles four business lines: overseeing Freedom of Information Act ("FOIA") request processing in the Office of the Administrator; managing the records management program for the Office of the Administrator; managing the Administrator's and Deputy Administrator's executive correspondence; and administering the EPA's Correspondence Management System.

2. I have read and am personally familiar with Plaintiff's July 17, 2017, July 19, 2017, July 21, 2017, and May 10, 2018, FOIA requests. EPA identified these four requests as EPA-HQ-2017-009482, EPA-HQ-2017-009615, EPA-HQ-2017-009684 and EPA-HQ-2018-007559, respectively. As the Deputy Director of OEX, I supervise staff in the office responsible for responding to these requests. I make this Supplemental Declaration in support of EPA's Response to Plaintiff's

SUPPL. DECL. OF BRIAN HOPE          1

Motion for Partial Summary Judgment.

3. On November 28, 2018, I executed a declaration providing background information about the EPA's efforts to process the four FOIA requests referenced in Paragraph 2 from their receipt to the present time, explaining the steps involved in processing a FOIA request in the Office of the Administrator at EPA and the extraordinary circumstances the EPA faces which inhibit its ability to process more than 400 documents per month at this time for the requests at issue in this case.

4. The purpose of this declaration is to supplement my November 28, 2018, declaration by updating the number of records associated with each review tier and to explain the basis for this change in numbers.

5. In Paragraph 27 of my November 28, 2018, declaration, I listed the number of records associated with each review tier proposed by Sierra Club.

6. On or about December 7, 2018, an EPA employee reviewing documents in Tier 1 noticed that attachments to emails did not appear in the document sets organized in Relativity, the software the EPA uses to conduct document review. Upon further examination, staff determined that the Relativity review sets for the 10 tiers were not structured to include email attachments. While both emails and their associated attachments were collected in the review database, only the emails were appearing in the review sets for each tier. This means that the numbers of documents associated with each tier reported in Paragraph 27 of my November 28, 2018, declaration were too low because they did not count the number of attachments.

7. Further review of the document sets revealed overlap across some tiers, resulting in some records being included in multiple tiers. This overlap occured because some email records contain more than one domain, resulting in the inclusion of the document in every corresponding tier. The total number of records reported in Paragraph 27 of my November 28, 2018, declaration was calculated by adding the total for each tier. This approach counted some records more than once,

resulting in a grand total that was too high.

8. Staff have restructured the review sets to include attachments to emails and to account for overlap among the tiers. Each tier now excludes records that were included in previous tiers. For example, if an email record includes a participant from a domain name in tiers 2, 4 and 6, it will only be included for review in tier 2. Further, if that email record included an attachment, that attachment will now be reviewed concurrently in tier 2 with its associated email. The updated 10 tiers now contain 20,951 documents in total. Below is the previous breakdown of documents by tier and the updated breakdown of documents by tier.

|  | Documents Reported in Nov 28, 2018 Declaration | Updated Number of Documents |
|---|---|---|
| Tier 1 | 2,115 | 2,614 |
| Tier 2 | 2,743 | 2,459 |
| Tier 3 | 1,050 | 1,161 |
| Tier 4 | 2,052 | 2,486 |
| Tier 5 | 1,796 | 2,073 |
| Tier 6 | 1,993 | 2,396 |
| Tier 7 | 1,915 | 2,086 |
| Tier 8 | 1,803 | 2,087 |
| Tier 9 | 1,193 | 1,240 |
| Tier 10 | 2,046[1] | 2,349 |

9. EPA staff have begun processing Tier 1 consistent with the EPA's proposed schedule, and the EPA plans to make the first production of responsive documents from Tier 1 on or before December 21, 2018. The Agency will continue to review and process 400 documents per month for the remaining tiers until it is able to reach agreement with Sierra Club on an increased rate in the event that more resources become available or until otherwise ordered by the Court.

---

[1] The number of documents per tier do not reflect the changes Sierra Club proposed for the first time in its filing on November 9, 2018, specifically adding a domain to tier 3.

SUPPL. DECL. OF BRIAN HOPE         3

Pursuant to 28 U.S.C. § 1746, I hereby affirm under penalty of perjury that the forgoing declaration is true and correct.

Executed this 11th day of December 2018.

*[signature]*

Brian T. Hope
Deputy Director, Office of the Executive Secretariat
Office of the Administrator
U.S. Environmental Protection Agency