ANDREA ISSOD (CA Bar No. 230920)
ELENA SAXONHOUSE (CA Bar No. 235139)
MARTA DARBY (CA Bar No. 310690)
Sierra Club Environmental Law Program
2101 Webster St., Ste. 1300
Oakland, CA 94612
andrea.issod@sierraclub.org
elena.saxonhouse@sierraclub.org
marta.darby@sierraclub.org
(415) 977-5544

Attorneys for Plaintiff Sierra Club

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, | CASE NO. 3:18-cv-3472-EDL |
| Plaintiff, | **ADMINISTRATIVE MOTION TO LIFT STAY OF DEADLINE TO SUBMIT ADJUSTED DOCUMENT PRODUCTION SCHEDULE** |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | |

In light of new information that President Trump has formally nominated Andrew Wheeler to be the permanent Administrator of the U.S. Environmental Protection Agency ("EPA"), that Congress will begin considering Mr. Wheeler's nomination at a hearing tomorrow, and that EPA staff are preparing for his hearing despite the government shutdown, Plaintiff Sierra Club respectfully moves this Court, pursuant to Civil Local Rule 7-11, to lift the stay of deadlines issued January 2, 2019. *See* Order Def.'s Admin. Mot. to Stay Deadline to Meet and Confer and File Update, ECF No. 42. Defendant takes no position on the Motion, and stated that "Defendant will respond as necessary if Sierra Club files its motion." Decl. of Marta Darby Supp. Pl.'s Admin. Mot. to Lift Stay ("Darby Decl.") ¶ 2. Defendant has stated that it cannot agree to a stipulation to lift the stay. *Id.*

# FACTUAL AND PROCEDURAL BACKGROUND

This Court previously concluded that Defendant violated the Freedom of Information Act ("FOIA") when it failed to promptly release non-exempt public records requested by Plaintiff. Order Granting Pl.'s Mot. Partial Summ. J. & Addressing Produc. Schedule, ECF No. 39, at 4–8. Citing the "significant delay" in receiving the requested records and Plaintiff's "persuasive reasons for the urgency of its requests," the Court ordered Defendant "to produce documents to Plaintiff at approximately Plaintiff's proposed schedule . . . ." *Id.* at 9–12. The Court also ordered EPA to produce calendars for two EPA personnel every month. *Id.* at 11. Because EPA had recently revised the number of documents included in Plaintiff's highest priority tiers, the Court directed the parties to confer "promptly as to the most efficient way for Defendant to produce the documents in Plaintiff's first two tiers by the end of February 2019 or as otherwise agreed to by the parties," *id.* at 1, and to file a status report by January 9, 2019. *Id.* at 12.

At midnight on December 21, 2018, appropriations for numerous federal agencies, including the U.S. Department of Justice ("DOJ"), expired, leading to a partial shutdown of the federal government.[1] On December 28, EPA's reserve funds ran out, and the agency purportedly ceased operations of all but its "essential" functions.[2] On December 27, Defendant filed an administrative motion to stay the deadline for filing the status update on schedule on grounds that only those United States Attorneys "whose work is necessary to sustain legal operations essential to the safety of human life and the protection of property" would be excepted from DOJ's shutdown. Def.'s Admin. Mot. to Stay Deadline, ECF No. 40, at 2. Plaintiff's position that it did "not oppose a limited stay" of the deadlines was based largely on reports that the President did not intend to formalize Mr. Wheeler's nomination for EPA Administrator until the government reopened, its understanding of the typical length of government

---

[1] Eric Werner et al., *Major Parts of the Federal Government Begin Shutting Down for an Indefinite Closure*, Wash. Post, Dec. 22, 2018, https://www.washingtonpost.com/politics/trump-leans-on-mcconnell-to-pass-spending-bill-with-border-funding-in-senate/2018/12/21/31bb453a-0517-11e9-b5df-5d3874f1ac36_story.html?utm_term=.50678e374a15.

[2] U.S. Envtl. Prot. Agency, *Contingency Plan for Shutdown* 5 (Dec. 31, 2018) ("EPA Contingency Plan"), https://www.epa.gov/sites/production/files/2018-12/documents/epa_contingency_plan_december_18_2018_508.pdf; Hannah Northey & Kevin Bogardus, *As Funds Run Out, EPA Will Furlough 13,705 Employees*, E&E News, Dec. 28, 2018, https://www.eenews.net/stories/1060110669.

shutdowns, and its good faith belief that EPA staff would not be available during the shutdown.[3] Resp. Def.'s Admin. Mot. to Stay, ECF No. 41, at 1.

The unprecedented length of the shutdown, the increased urgency of making the documents public, and new information about EPA's available staff resources, have changed the circumstances surrounding Plaintiff's response to the stay motion considerably. On January 9, 2019, President Trump formally nominated Acting EPA Administrator Wheeler to lead the agency as its permanent Administrator.[4] Under the Federal Vacancies Reform Act, the President was obligated to nominate a permanent EPA Administrator before January 31, 2019. *See* Notice and Mot. Partial Summ. J. and Mem. P. & A. Supp., ECF No. 32, at 8 (citing 5 U.S.C § 3346). However, once nominated, Mr. Wheeler may continue serving in an acting role while the nomination is pending before the Senate. *See* 5 U.S.C. § 3346(a) ("[O]nce a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate," the acting officer may continue serving.). Despite the absence of any legal requirement to immediately confirm Mr. Wheeler, the ongoing government shutdown, and this Court's pending order for the release of relevant documents, Senate Republicans have scheduled Mr. Wheeler's confirmation hearing with just one week's notice—the bare minimum required.[5] The hearing is set for tomorrow, January 16, 2019.[6]

On January 11, news outlets reported that "EPA ha[d] excepted a limited number of employees to prepare the Acting Administrator for the hearing on January 16th," quoting a statement by EPA General Counsel Matt Leopold.[7] A January 10 letter to Mr. Wheeler from four senators on the

---

[3] *E.g.*, *Wheeler's Nomination as EPA Head Expected Once Shutdown Ends*, Bloomberg Env't, Jan. 3, 2019, https://news.bloombergenvironment.com/environment-and-energy/wheelers-nomination-as-epa-head-expected-once-shutdown-ends; Mihir Zaveri et al., *This Government Shutdown Is Now the Longest Ever. Here's the History*, N.Y. Times, Jan. 15, 2019, https://www.nytimes.com/interactive/2019/01/09/us/politics/longest-government-shutdown.html; Northey & Bogardus, *supra*.

[4] Lisa Lambert, *Trump Nominates Acting EPA Head, an Ex-Coal Lobbyist, To Run Agency*, Reuters, Jan. 9, 2019, https://www.reuters.com/article/us-usa-trump-epa/trump-nominates-acting-epa-head-an-ex-coal-lobbyist-to-run-agency-idUSKCN1P324H.

[5] U.S. S. Comm. Env't & Pub. Works, Comm. R. P. 3(a), https://www.epw.senate.gov/public/index.cfm/committee-rules.

[6] U.S. S. Comm. Env't & Pub. Works, Hearings, https://www.epw.senate.gov/public/index.cfm/hearings.

[7] Timothy Cama, *Dems Ask Why EPA is Preparing for Wheeler Confirmation During Shutdown*, The Hill, Jan. 11, 2019, https://thehill.com/policy/energy-environment/424956-dems-ask-why-epa-is-

3
ADMINISTRATIVE MOTION TO LIFT STAY
CASE NO. 3:18-cv-3472-EDL

Committee that will review his nomination questioned why EPA was using its resources in that manner.[8] The Senators' letter noted that no fewer than five EPA employees were being copied on meeting requests with Senators and that they had "also been informed that most EPA political officials as well as some EPA career staff have been supporting [Mr. Wheeler's] hearing preparations and briefings."[9] Thus, even while ceasing to review and produce documents relevant to Congress's consideration of Mr. Wheeler's nomination, as required by law and order of this Court, EPA is using its limited resources to prepare for his hearing.  Meanwhile, the deadline to establish a specific timeline for production of documents in this case remains stayed for the duration of what has been the longest shutdown in this nation's history, and for which there is no end in sight.[10]

## ARGUMENT

The Court's stay of deadlines issued January 2, 2019, should be lifted and EPA should be required to resume its review and production of documents.  With EPA's allocation of staff resources to Mr. Wheeler's confirmation hearing, the stay's underlying assumption that only the most essential agency staff would be working during the shutdown has proven false.  Simultaneously, the urgency of making the documents public has increased with the fast-tracking of the confirmation process.  Mr. Wheeler's impending nomination was among the "persuasive reasons for the urgency of [Plaintiff's] requests" identified by this Court in granting Plaintiff's motion for a production schedule.  ECF No. 39 at 9–10.[11]  When the President formalized the nomination, Plaintiff's—and the public's—urgent need for the requested information increased substantially.  The priority tiers of records addressed in the Court's December 26 order appear to include more than 1,100 email records of correspondence between

---

preparing-for-wheeler-confirmation-during.

[8] Ex. A, Letter from U.S. S. Tom Carper et al. to Acting Administrator Andrew Wheeler (Jan. 10, 2019).

[9] *Id.*

[10] David Brunnstrom & David Morgan, *Government Shutdown Breaks Record, With No End in Sight*, Reuters, Jan. 12, 2019, https://www.reuters.com/article/us-usa-shutdown/government-shutdown-breaks-record-with-no-end-in-sight-idUSKCN1P60J1.

[11] While the time-sensitive nature of the requested documents stems only in part from their relevance to Mr. Wheeler's suitability for a permanent position, that particular value of the documents largely will be lost if they are not produced before a vote on Mr. Wheeler's nomination, likely to be within the next month.  *See* ECF No. 39 at 9–10 (citing other persuasive reasons for urgency).

4
ADMINISTRATIVE MOTION TO LIFT STAY
CASE NO. 3:18-cv-3472-EDL

the twenty-five custodians identified in Plaintiff's four FOIA requests and Mr. Wheeler's former clients, employers, or closely affiliated entities. Darby Decl. ¶ 5. Tiers one and two alone include about 735 such exchanges. *Id.* The emails could provide important insights as to how Mr. Wheeler's connections with polluting industries may be impacting policy decisions or other actions across the agency, and whether he has strictly complied with his ethical obligations to recuse himself from matters involving these entities. A schedule should be set for their release as soon as possible to satisfy FOIA's underlying purposes. *See* ECF No. 39 at 9, 11.

The ongoing shutdown would not prevent Defendant from responding to a court order lifting the stay or meeting further deadlines in this case. As Defendant has recognized, the DOJ Contingency Plan allows DOJ attorneys to work on litigation in the event a court denies a motion for stay—"If a court . . . orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."[12] EPA's Contingency Plan similarly directs EPA personnel to provide assistance in such circumstances: "If a court did not grant the stay, DOJ expected the EPA to continue to provide the legal or technical support necessary to meet any court deadlines or orders, including but not limited to court appearances and response to discovery requests."[13] Thus, pursuant to a court order lifting the stay, meeting renewed deadlines would be within the scope of the DOJ's and EPA's authorized work.

The timing of Mr. Wheeler's nomination warrants such an order as soon as possible. Defendant may not actively support Mr. Wheeler's nomination while claiming that EPA has no resources to honor its statutory obligations under FOIA and this Court's December 26 order during the shutdown. *See* ECF No. 39 at 10 ("Defendant's limited resources do not relieve it of its statutory obligation to promptly provide requested documents."). The Court therefore should lift the stay of the deadlines, and direct the parties to file an update with a proposed production schedule within three business days of the order. *See* ECF No. 42 (parties to file update within three business days of restoration of appropriations).

---

[12] U.S. Dep't of Justice, *FY 2019 Contingency Plan* 3 (Jan. 10, 2019), https://www.justice.gov/jmd/page/file/1015676/download; *see* ECF No. 40 at 2 (DOJ attorney would be available to meet and confer and to file an update should the Court deny the stay motion)

[13] EPA Contingency Plan, *supra* note 4 at 7.

5
ADMINISTRATIVE MOTION TO LIFT STAY
CASE NO. 3:18-cv-3472-EDL

DATED: January 15, 2019         Respectfully submitted,

*/s/Elena Saxonhouse*
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
Elena Saxonhouse (CA Bar No. 235139)
Marta Darby (CA Bar No. 310690)
2101 Webster St., Ste. 1300
Oakland, CA 94612

*Attorneys for Sierra Club*

# Exhibit A

JOHN BARRASSO, WYOMING, *CHAIRMAN*

JAMES M. INHOFE, OKLAHOMA
SHELLEY MOORE CAPITO, WEST VIRGINIA
JOHN BOOZMAN, ARKANSAS
ROGER WICKER, MISSISSIPPI
DEB FISCHER, NEBRASKA
JERRY MORAN, KANSAS
MIKE ROUNDS, SOUTH DAKOTA
JONI ERNST, IOWA
DAN SULLIVAN, ALASKA
RICHARD SHELBY, ALABAMA

THOMAS R. CARPER, DELAWARE
BENJAMIN L. CARDIN, MARYLAND
BERNARD SANDERS, VERMONT
SHELDON WHITEHOUSE, RHODE ISLAND
JEFF MERKLEY, OREGON
KIRSTEN GILLIBRAND, NEW YORK
CORY A. BOOKER, NEW JERSEY
EDWARD J. MARKEY, MASSACHUSETTS
TAMMY DUCKWORTH, ILLINOIS
CHRIS VAN HOLLEN, MARYLAND

RICHARD M. RUSSELL, *MAJORITY STAFF DIRECTOR*
MARY FRANCES REPKO, *MINORITY STAFF DIRECTOR*



**United States Senate**
COMMITTEE ON ENVIRONMENT AND PUBLIC WORKS
WASHINGTON, DC 20510–6175

January 10, 2019

The Honorable Andrew Wheeler
Acting Administrator
Environmental Protection Agency (EPA)
1301 Constitution Ave. NW
Washington, DC 20460

Dear Acting Administrator Wheeler:

We write with questions regarding the implementation of EPA's December 31, 2018 Contingency Plan in the Event of a Government Shutdown[1], particularly in light of next week's confirmation hearing on your nomination to lead the EPA as its Administrator.

The majority of EPA employees have been furloughed without pay since December 29, 2018. The consequences of the shutdown on public health and the environment include the slow-down or cessation of clean-up work at hundreds of toxic Superfund sites across the country, a halt in most EPA inspection and enforcement activities, and a stop to new chemical and pesticide safety evaluations and approvals.

EPA's December 31, 2018 contingency plan notes three categories of employees who would be expected to continue to report to work even though these employees would also not be paid. Specifically, the plan contemplates:

- 6 Presidentially Appointed/Senate Confirmed employees *"necessary to perform activities expressly authorized by law"*;
- 12 employees *"necessary to the discharge of the President's constitutional duties and powers"*; or
- 794 employees *"necessary to protect life and property"*.

We are concerned that preparations for your confirmation hearing may be occurring using resources that are not described in or authorized under EPA's Contingency Plan. For example, meeting requests with Senators have copied five EPA employees on the emails to our offices. The agency's Senior Counsel for Ethics and an EPA notary worked to certify your ethics form on January 9, 2019. We have also been informed that most EPA political officials as well as some EPA career staff have been supporting your hearing preparations and briefings.

---

[1] https://www.epa.gov/aboutepa/us-epa-contingency-plan-event-government-shutdown

It is difficult to understand how preparing you for next week's confirmation hearing credibly falls within any of the categories listed in EPA's Contingency Plan, particularly the category of employee that is "necessary to protect life and property." Using EPA resources in this manner may also run afoul of the Antideficiency Act. More disturbingly, if EPA is diverting resources that are intended to be used to "protect life and property" to prepare you for your confirmation hearing, the already-dire consequences of the shutdown on public health and the environment could be even greater.

So that we can better understand EPA's implementation of its Contingency Plan, please provide, in advance of your January 16, 2019 confirmation hearing, the following materials:

1. The names and titles of the 6 Presidentially Appointed/Senate Confirmed employees "*necessary to perform activities expressly authorized by law.*"
2. The names and titles of the 12 employees "*necessary to the discharge of the President's constitutional duties and powers*".
3. The names of the 794 employees "*necessary to protect life and property.*"
4. A list of all briefings, meetings, and conference calls related to your nomination and upcoming confirmation hearing that have occurred since December 29, 2018, along with all participants in those briefings, meetings or conference calls.
5. For any participant in a briefing, meeting or conference call described in item 4 who is not listed in response to item 1 or 2, please provide a legal justification for the participant's activities in light of both EPA's Contingency Plan and the Antideficiency Act.
6. Copies of all emails, memos, presentations, correspondence, meeting requests and briefing materials related to your nomination and upcoming confirmation hearing, including reviews of your financial and ethics documentation submitted with your nomination on January 9, 2019, that have been prepared or circulated since December 29, 2018.
7. An official accounting, including the names, titles and a schedule of total hours worked by all EPA staff involved in preparing you for or otherwise related to your nomination and upcoming confirmation hearing since December 29, 2018.
8. Any legal opinion or memoranda produced or reviewed in anticipation of your nomination or upcoming confirmation hearing that relates to the Antideficiency Act or government shutdown.

Thank you very much for your attention to this important matter. If you have any questions or concerns, please have your staff contact Michal Freedhoff of the Environment and Public Works Committee staff, at 202-224-8832.

Sincerely,

Tom Carper
Ranking Member

Benjamin L. Cardin
United States Senator

_____
Sheldon Whitehouse
United States Senator

_____
Chris Van Hollen
United States Senator